

| DISTRICT OF COLUMBIA | FLORIDA | VIRGINIA |
|---|---|---|
| 109 Second Street NE | PO Box 540774 | PO Box 11108 |
| Washington, DC 20002 | Orlando, FL 32854 | Lynchburg, VA 24506 |
| Tel 202-289-1776 | Tel 407-875-1776 | Tel 407-875-1776 |
| Fax 407-875-0770 | Fax 407-875-0770 | Fax 407-875-0770 |
| LC.org | | Liberty@LC.org |

REPLY TO FLORIDA

January 14, 2026

**VIA ELECTRONIC FILING**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219
(804) 916-2700

  RE: No. 25-1228, *Zinski v. Liberty University, Inc.*
     Fed. R. App. P. 28(j) and Local Rule 28(e) Supplemental Authorities

Dear Clerk:

  Pursuant to Fed. R. App. P. 28(j), Appellant Liberty University writes to bring this Court's attention to the United States Court of Appeals for the Ninth Circuit's decision in *Union Gospel Mission of Yakima Washington v. Brown*, No. 24-7246, 2026 WL 32636 (9th Cir. Jan. 6, 2026).

  In *Union Gospel*, the Ninth Circuit made clear that, "the First Amendment doesn't tolerate" laws that "prevent religious institutions from employing only co-religionists" or those that require "hir[ing] employees who openly flout and disagree with their religious principles." 2026 WL 32636, *2. "Because who a religious organization hires may go to the very character of its religious mission, the church autonomy doctrine protects the decision to hire co-religionist for non-ministerial roles if that decision is based on the organization's sincerely held religious beliefs." *Id.*

  While the ministerial exception only covers the selection of ministers, the church autonomy doctrine provides far broader protection and prohibits intrusion into the

No. 25-1228, Zinski v. Liberty University, Inc.
Rule 28(j) Letter of Supplemental Authorities
January 14, 2026
Page 2

"internal management decisions * * * include[ing] a religious organizations policy of hiring co-religionists for non-ministerial roles." *Id.* at *9.

> If a religious institution sincerely believes that its non-ministerial employees must adhere to and live according to its religious principles to accomplish its religious mission, the only way a court could adjudicate a dispute for a plaintiff would be to rule that the religious institution cannot seek that "mission" or that the hiring policy isn't necessary to that "mission"—inherently religious questions. Such a ruling would violate the institution's free exercise rights to "shape [its] own faith and mission" and would improperly establish an "ecclesiastical decision" for the institution.

*Id*.

"If a religious organization's hiring of co-religionists for non-ministerial positions rests on its sincerely held religious beliefs, then the church autonomy doctrine forbids government interference with that hiring decision." *Id.* at *13.

Importantly, the Ninth Circuit noted that this exemption "is already protected under Title VII," *id.* at *2, and that it equals Title VII's long established exemptions. *Id.* at *13.

This case is related to Appellant's arguments in its Opening Brief (at 32–40) and Reply Brief (at 22–28).

No. 25-1228, Zinski v. Liberty University, Inc.
Rule 28(j) Letter of Supplemental Authorities
January 14, 2026
Page 3

                                Respectfully submitted,

                                /s/ Daniel J. Schmid
                                Mathew D. Staver
                                Horatio G. Mihet
                                Daniel J. Schmid
                                Avery B. Hill
                                LIBERTY COUNSEL
                                P.O. Box 540774
                                Orlando, FL 32854
                                (407) 875-1776
                                court@lc.org
                                hmihet@lc.org
                                dschmid@lc.org
                                ahill@lc.org

                                *Counsel for Appellant Liberty University, Inc.*

cc: All Counsel of Record