# LIBERTY COUNSEL

| DISTRICT OF COLUMBIA | FLORIDA | VIRGINIA |
|---|---|---|
| 109 Second Street NE | PO Box 540774 | PO Box 11108 |
| Washington, DC 20002 | Orlando, FL 32854 | Lynchburg, VA 24506 |
| Tel 202-289-1776 | Tel 407-875-1776 | Tel 407-875-1776 |
| Fax 407-875-0770 | Fax 407-875-0770 | Fax 407-875-0770 |
| LC.org | | Liberty@LC.org |

REPLY TO FLORIDA

January 14, 2026

**VIA ELECTRONIC FILING**
Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219
(804) 916-2700

    RE:    No. 25-1228, *Zinski v. Liberty University, Inc.*
             Fed. R. App. P. 28(j) and Local Rule 28(e) Supplemental Authorities

Dear Clerk:

    Pursuant to Fed. R. App. P. 28(j), Appellant Liberty University writes to bring this Court's attention to the Missouri Court of Appeals decision in *MoChridhe v. Academy of Holy Angels*, 2025 WL 3439582 (Mo. Ct. App. Dec. 1, 2025).

    In *MoChridhe*, the Missouri Court of Appeals held that employment discrimination claims of even non-ministerial employees based on alleged sex discrimination "are foreclosed by the First Amendment church autonomy doctrine." 2025 WL 3439582, *1. As Zinski here, MoChridhe rejected his biological and chromosomal reality to claim that he was a woman and demanded that the religious institution recognize him as such. *Id.* This claim was directly contrary to the Academy's doctrinal positions and bylaws. *Id.* at *6.

    The plaintiff was "not an ordained minister," was "not a teacher or pastor at the school," and the "position was secular." *Id.* Nevertheless, the court held that "consideration of MoChridhe's claims—as alleged in [the] complaint—would require the judiciary to consider the role that church doctrine played in the decision not to renew [plaintiff's] employment contract with Holy Angels." *Id.* "Importantly,

No. 25-1228, Zinski v. Liberty University, Inc.
Rule 28(j) Letter of Supplemental Authorities
January 14, 2026
Page 2

it would require the judiciary to consider the Archdiocese's decision to require an employee in one of its Catholic schools to adhere to its faith-based Guiding Principles in the school setting." *Id.* The court held that was "constitutionally intolerable." *Id.* at *8.

> In short, MoChridhe asks the judiciary to require the Archdiocese to employ a person who does not support and will not abide by the church's faith-based Guiding Principles in the school setting, despite the Archdiocese's internal decision to require adherence to those principles when executing its mission to educate students in the Catholic faith. MoChridhe does not cite, and we are not aware of, any case that compels that result in the face of a church's religious protections under the First Amendment.

*Id.* at *7.

The court rejected the plaintiff's reliance on the district court's decision below, finding it "not persuasive" of the First Amendment issue. *Id.* at *9 n.4.

This case is related to Appellant's arguments in its Opening Brief (at 32–40) and Reply Brief (at 22–28).

No. 25-1228, Zinski v. Liberty University, Inc.
Rule 28(j) Letter of Supplemental Authorities
January 14, 2026
Page 3

                                     Respectfully submitted,

                                     /s/ Daniel J. Schmid
                                     Mathew D. Staver
                                     Horatio G. Mihet
                                     Daniel J. Schmid
                                     Avery B. Hill
                                     LIBERTY COUNSEL
                                     P.O. Box 540774
                                     Orlando, FL 32854
                                     (407) 875-1776
                                     court@lc.org
                                     hmihet@lc.org
                                     dschmid@lc.org
                                     ahill@lc.org

                                     *Counsel for Appellant Liberty University, Inc.*

cc: All Counsel of Record